**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 12-138-JBC**

**JOHN M. KENNEY and
KENNEY ORTHOPEDIC, LLC,**                                                **PLAINTIFFS,**

**V.**                                  **MEMORANDUM OPINION AND ORDER**

**PEGGY D. ALLAWAT,**                                                      **DEFENDANT.**

**\* \* \* \* \* \* \* \* \***

This matter is before the court on the United States' motion to substitute itself as the defendant (R. 2) and the plaintiffs' motion to strike the United States' reply (R. 7).  The United States has moved to substitute itself as the defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1), and has provided the proper certification.  However, because the plaintiffs have submitted evidence that, if true, indicates that Peggy D. Allawat may have acted outside the course and scope of her employment, the court will defer ruling on the motion to substitute pending an evidentiary hearing.  The court will also deny the motion to strike because the United States has not raised new issues in its reply.

Kenney Orthopedic, LLC, is a provider of prosthetic and orthotic devices; John M. Kenney is its sole proprietor.  Allawat is an employee of the United States Department of Veteran Affairs ("VA") and is the Chief of Prosthetics at the Lexington VA Medical Center.  Kenney settled a previous action against the United States and Allawat, No. 5:08-cv-401, in June 2011.  As part of that settlement,

1

the parties dismissed an appeal of this court's ruling that Allawat's actions toward Kenney were motivated by a "personal vendetta" and were therefore outside the course and scope of her employment, and accordingly denying a motion by the United States to substitute itself as the defendant.  *See Kenney v. United States*, No. 5:08-cv-401, R. 118 at 11-12 (E.D. Ky, Oct. 14, 2009).  In the present action, originally filed in Fayette Circuit Court, Kenney asserts that Allawat, in violation of that settlement agreement, withheld notifications to employees and patients, falsely advertised that Kenney Orthopedic was barred from treating any new patients or from providing services to existing patients, and expressed intent to prevent Kenney Orthopedic from being selected as a contract vendor for the VA. Allawat removed the action to federal court and the United States moved to substitute itself as the defendant.

First, the court will deny Kenney's motion to strike the United States' reply brief.  The United States does not raise new issues, *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008), in its reply; rather, it properly produces evidentiary support for the Attorney General's certification in response to Kenney's challenge to that certification.  *See Singleton v. United States*, 277 F.3d 864, 870-71 (6th Cir. 2002).  The United States, in its notice of removal (R.1), provided the certification required under the Westfall Act to substitute itself as the defendant.  When the court did not substitute the United States as the defendant and re-caption the case upon removal based on this certification, the United States properly filed the present motion to substitute.  Thus, the United States has not

2

committed any procedural default that would preclude it from filing a reply. Furthermore, Kenney has not identified any prejudice he has suffered from the United States' ability to file a reply, and he did not timely move for leave to file a sur-reply.  The court will therefore consider the United States' reply in the context of Kenney's arguments against the United States' motion to substitute.

In its motion to substitute, the United States argues pursuant to the Westfall Act that it is the proper defendant in this matter.  "The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment," and requires that "any private remedy for that tort must be sought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80." *Rector v. U.S.*, 243 Fed. App'x 976, 978 (6th Cir. 2007) (citing 28 U.S.C. § 2679(b)(1)). "Upon certification by the Attorney General that the defendant was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed an action against the United States under the provisions of this title . . . , and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The Attorney General has delegated to the United States Attorney the authority to provide the section 2679(d) certification. *See* 28 C.F.R. § 15.3; *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996).

This certification, however, "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez*

3

*de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). A plaintiff is permitted to challenge the certification and, consequently, the substitution of the United States for the named defendant. *See Gilbar v. United States*, 108 F.Supp.2d 812, 816 (S.D.Ohio 1999) (citing *Guiterrez de Martinez*, 515 U.S. at 434). However, the U.S. Attorney's certification "provides prima facie evidence that the employee was acting within the scope of employment." *RMI*, 78 F.3d at 1143 (citing *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991)).

A plaintiff challenging the government's certification must present the district court with evidence "from which [it] could reasonably could find that the original defendant-employee acted outside the scope of his employment." *Gilbar*, 108 F.Supp.2d at 816. "The district court must resolve any issues of fact and may hold an evidentiary hearing, if necessary." *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008) (quoting *Singleton v. U.S.*, 277 F.3d 864, 870 (6th Cir. 2002)). When a plaintiff produces evidence controverting the government's certification decision, a district court must conduct an evidentiary hearing in order to determine whether the United States has been properly substituted as a defendant. *See Rutkofske v. Norman*, No. 95-2038, 1997 WL 299382, at *4 (6th Cir. June 4, 1997); *Gilbar*, 108 F.Supp.2d at 816; see also *Singleton*, 277 F.3d at 870. No hearing is required when, even if the plaintiff's assertions are true, the complaint allegations establish that the employee was acting within the scope of his or her employment. *See RMI*, 78 F.3d at 1143. Whether an employee was acting within the scope of his

4

employment is a question of law, resolved by the court in accordance with the law of the state where the conduct occurred. *See Singleton*, 277 F.3d at 870.

In determining whether an employee's action is within the scope of employment, Kentucky courts consider the following factors: (1) whether the conduct was similar to that which the employee was hired to perform; (2) whether the action occurred substantially within the authorized spatial and temporal limits of the employment; (3) whether the action was in furtherance of the employer's business; and (4) whether the conduct, though unauthorized, could have been anticipated in view of the employee's duties. *Coleman v. U.S.*, 91 F.3d 820, 823-24 (6th Cir. 1996). The focus of the court in determining scope of employment issues is on the employee's motive for her conduct, not the foreseeability of that conduct. *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005).

Kenney asserts that Allawat committed multiple intentional torts "designed to harass and interfere with [him] and his ability to provide treatment to his patients, all in an effort to harm and destroy his business." R. 3 at 6. He supports these allegations with declarations by both VA employees and patients regarding Allawat's statements and acts. *See* R. 1-1 at 33-35, 37. Such statements and acts, if they occurred, may be within the course and scope of Allawat's employment if she was acting, even in part, in the VA's interests; however, if such statements and actions occurred wholly in furtherance of a "personal vendetta" of Allawat's, as the court found in the prior case, they would be outside the course and scope of her employment and substitution of the United States as the

5

defendant in this action would be improper.  The court must therefore conduct an evidentiary hearing to determine whether the accused acts and statements occurred and, if so, whether Allawat was acting to further the VA's interests, even in part, or solely her own.

Accordingly, **IT IS ORDERED** that an evidentiary hearing on this motion will be held for the purpose of determining whether Allawat acted within the course and scope of her employment.  The court's ruling on the motion to substitute (R. 2) is **DEFERRED** until after that hearing.  The hearing will be scheduled by separate order.

**IT IS FURTHER ORDERED** that Kenney's motion to strike the United States' reply (R. 7) is **DENIED**.

Signed on August 7, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY