UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-138-KKC

JOHN M. KENNEY and                                                                   PLAINTIFFS,
KENNEY ORTHOPEDIC, LLC,

V.                  **MEMORANDUM OPINION AND ORDER**

UNITED STATES,                                                                    DEFENDANT

Before the Court are a motion to dismiss for lack of jurisdiction and/or a motion to dismiss for failure to state a claim filed by the United States. (R. 112) A two-day evidentiary hearing was held in this case in March 2013. For the following reasons, the Court will grant the United States' motion to dismiss for lack of jurisdiction and deny as moot the alternative motion for failure to state a claim for relief.

## BACKGROUND

Kenney Orthopedic LLC is a government contractor providing prosthetic and orthotic devices and services to the United States Government including the Kentucky Veterans Administration Hospital. John M. Kenney is the sole proprietor of Kenney. Peggy Allawat is a Prosthetic Manager at the VA Medical Center in Lexington, Kentucky. A lengthy history exists between the parties and the Court need not recount the detailed history in full. The current case arose from alleged breach of a settlement agreement in the underlying case, *Kenney v. United States*, 08-CV-401-JBC. Kenney brought the current suit against Allawat alleging counts of fraud, deceit, misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, defamation of character, tortious interference with a prospective and contractual advantage, injurious falsehood, illegal restraint of trade and commerce, trade disparagement,

1

intentional infliction of emotional distress. The United States moved to substitute itself as the proper defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1) and provided the required certification. After an evidentiary hearing and oral argument on whether employee Peggy Allawat acted outside the scope of her employment at the VA motivated by an alleged "personal vendetta" against Kenney Orthopedics, the Court orally granted the United States' motion to substitute itself as a proper defendant in this case. Following that hearing and ruling, the Court ordered the United States to file an answer or other responsive pleading to the complaint in this matter and requested that the parties address whether the Court had jurisdiction in this matter given the substitution of the United States as the proper defendant.

## DISCUSSION

Plaintiff's contractual claims must be dismissed for lack of subject matter jurisdiction. The United States Court of Claims has exclusive jurisdiction over contract claims against the United States for those in excess of $10,000. *Lundstrum v. Lyng*, 954 F.2d 1142, 1147 (6th Cir. 1991); 28 U.S.C. §1346(a)(2) and §1491. Indeed, the Plaintiffs inform the Court that these claims are currently the subject of separate litigation pending in the Court of Federal Claims. Thus, it is appropriate for the Court to abstain from any contractual claims to avoid any duplicative litigation.

In addition, Plaintiffs' tort claims must be dismissed for lack of subject matter jurisdiction. The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment and requires that any private remedy for that tort must be sought against the United States under the Federal Tort Claims Act. *Rector v. United States*, 243 Fed. App'x 976, 979 (6th Cir. 2007). The administrative requirements of the FTCA must be fulfilled. *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008). The

appropriate remedy for failure to exhaust is dismissal for lack of subject matter jurisdiction. *Roberts v. United States*, 191 Fed. App'x 338 (6th Cir. 2006).

Here, it is not disputed that the plaintiffs have not pursued any administrative claims. The Court notes that the Plaintiffs appear to concede that this Court is deprived of jurisdiction but ask for the Court to hold this case in abeyance pending any resolution of administrative claims or in the alternative to dismiss without prejudice so that these claims may be pursued. Plaintiffs cite to no authority for the Court to hold this matter in abeyance when it lacks subject matter jurisdiction and the Court has likewise found none. However, the Court will dismiss these claims without prejudice so as not to impair the Plaintiffs' pursuit of these claims in an administrative proceeding and because this is in accordance with the Court's previous oral ruling.  *See* R. 110.

Finally, the Court notes that because it does not have jurisdiction in this matter it need not address the United States' alternative motion to dismiss for failure to state a claim. This motion will be denied as moot.

Accordingly,

**IT IS ORDERED** that the United States' motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and the United States' alternative motion to dismiss for failure to state a claim is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.  This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

Dated this 15th day of July, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge